NOT DESIGNATED FOR PUBLICATION

No. 126,783

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEE LUNSFORD JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN J. BRYANT, judge. Submitted without oral argument. Opinion filed September 6, 2024. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri L. Becker*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Lee Lunsford Jr. claims that when he entered his plea to a drug charge he was under the influence of medications prescribed for pain management and thus his guilty plea was not fairly and understandingly made. The sentencing court denied his motion to withdraw his plea. In this appeal, he contends that he had sufficiently established manifest injustice to permit his plea to be withdrawn. Our record review reveals that the sentencing court did not abuse its discretion by denying Lunsford's motion, thus we affirm.

1

*Lunsford pleads guilty to possession of methamphetamine.*

Lunsford was charged with several drug and traffic charges. After plea negotiations with the State, Lunsford pled guilty to one count of possession of methamphetamine, a severity level 5 drug felony. In exchange, the State dismissed all remaining charges. The parties told the court that Lunsford intended to ask for a dispositional departure sentence at sentencing and the State would stand silent on his departure request.

At the plea hearing, the district court placed Lunsford under oath to ask whether his plea was being made knowingly, intelligently, and voluntarily. During this colloquy, the district court discussed the possible consequences of Lunsford's guilty plea:

> "THE COURT: You understand that a Level 5 Drug Felony subjects you to a sentence of up to 42 months in the Kansas Department of Corrections?
> "DEFENDANT: Yeah.
> "THE COURT: And the fine could be up to $100,000.00 dollars.
> "DEFENDANT: Yes."

Then, the district court asked Lunsford whether he had discussed his rights and consequences of the plea with his attorney:

> "THE COURT: Have you gone over your trial rights with your attorney?
> "DEFENDANT: Yes.
> "THE COURT: And you are waiving those rights here today?
> "DEFENDANT: Yeah."

Next, the district court discussed the various trial and collateral rights that Lunsford would be waiving by entering a plea. The district court then asked

Lunsford if he had any questions for his attorney before proceeding and inquired about Lunsford's understanding of the plea and his mental state:

"THE COURT: You believe that you do understand the plea agreement as set forth on the record?

"DEFENDANT: Yes.

"THE COURT: Do you think you've had enough time to talk to Mr. Herbster about the plea in the case?

"DEFENDANT: Yes.

"THE COURT: Alright. Has anybody promised you anything that has not been made a part of the record to get you to take this plea?

"DEFENDANT: No.

"THE COURT: Has anybody threatened or coerced you take this plea?

"DEFENDANT: No.

"THE COURT: Have you ever been confined to an institution or adjudicated mentally incompetent?

"DEFENDANT: No.

"THE COURT: Are you under a doctor's care, taking any medications or any drugs or alcohol that cause you to have any difficulty understanding what we we're doing today?

"DEFENDANT: No."

To supply a factual basis for the plea, the State summarized the alleged facts supporting a conviction for possession of methamphetamine:

"If this had gone to a contested hearing the State would present evidence that law enforcement conducted a traffic stop on a vehicle in which the defendant was an occupant on June 2, 2020. During the course of . . . [the] traffic investigation there was a drug dog that was ran around the vehicle. In the meantime Captain Travis Wright was speaking with the defendant, I believe outside the vehicle. The defendant admitted that he was on parole, Captain Wright asked him if he had anything on his person and he replied yes and asked if he would be allowed to just throw it away. After a subsequent search it was

determined that there was methamphetamine on the defendant's person. These actions all occurred in Atchison County."

Lunsford did not challenge the factual basis for his plea. When the court asked, "Do you understand that a guilty plea admits that you did what the State says you did?" Lunsford replied in the affirmative. Before asking Lunsford to enter a plea, the district court asked if he had any other questions; Lunsford replied that he did not. Lunsford pled guilty to possession of methamphetamine, which the district court accepted and found that Lunsford understood his rights; that Lunsford went over those rights with his attorney; and that Lunsford's plea was knowingly and voluntarily made and "not as a result of threats or coercion or any other promises."

Later at the sentencing hearing, Lunsford moved for a downward dispositional departure based on his injuries stemming from an automobile accident. Lunsford's lawyer argued that Lunsford suffered debilitating injuries which caused him to be hospitalized. Lunsford also had trouble walking on his own and used a wheelchair right after the accident and later a walker. Because of these injuries, Lunsford argued that prison would not be ideal and that he was amenable to probation. To support his claim, Lunsford pointed to his regular reporting to probation and clean urinary analyses.

The sentencing court denied the departure motion, citing Lunsford's criminal history "dating back to 1984 as a juvenile and then starting as an adult in 1987. We've got 35 entries dating all the way up to 2018, so it's not just the Criminal History Score, it's not just the special rules, but when you add those altogether the Court cannot grant probation." Then, the sentencing court imposed a 32-month prison sentence with a postrelease supervision term of 12 months.

Lunsford appealed, but for reasons not made clear in the record, his direct appeal was dismissed. He then moved to withdraw his plea. The district court set the motion for hearing and heard testimony from both sides.

*The court heard testimony in support of and opposing the motion to withdraw plea.*

Lunsford testified that after being arrested, he was involved in an automobile accident. Because of the injuries resulting from that accident, in addition to medications prescribed for pain management, Lunsford testified that he did not remember the plea or sentencing hearings. He testified that because he did not remember the hearings, he wanted a redo on his plea and he just wanted "to have a fair deal at this."

 He did acknowledge on cross-examination that he should have told the district court that he was on medication and thus having trouble understanding the proceedings.

Lunsford's trial lawyer, Judson Herbster, who represented Lunsford at his plea hearing, testified that he never doubted Lunsford's faculties or capacity to understand the conversations between Herbster and Lunsford and with the district court. Herbster testified that he was aware of Lunsford's accident and resulting injuries but never thought Lunsford's judgment was impaired, nor did Herbster recall ever being concerned for Lunsford's faculties.

On cross-examination, Herbster testified that he never had any reason to doubt that Lunsford did not fully understand what he was doing on the day of his plea hearing.

Lunsford's probation officer, Michael White, also testified that he did not have any concern for Lunsford's ability to understand conversations between White and Lunsford. In addition to Herbster's and White's testimony, the State admitted the transcripts from the plea and sentencing hearings, the zoom video of the plea hearing, and the plea

5

agreement drawn up by the State and Lunsford's lawyer and signed by Lunsford as evidence.

The district court denied Lunsford's motion because Lunsford failed to show manifest injustice to withdraw his plea. The district court found:

- Lunsford's lawyer was competent;
- Lunsford was not misled, coerced, unfairly treated, or taken advantage of; and
- Lunsford's plea was knowingly and voluntarily made.

*Is there manifest injustice here?*

After an accused is sentenced, a district court can only permit the withdrawal of a guilty plea if there is a showing of manifest injustice. See K.S.A. 22-3210(d)(2). This means that Lunsford must show that it is manifestly unjust to not permit him to withdraw his plea. That is a high burden.

In turn, when the district court denies such a motion, on appeal we review the record to see if the court abused its discretion. In other words, did the court act arbitrarily, fancifully, or unreasonably? Did the court err in its legal reasoning? And was the court misguided by a factual error? See *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

Guidance from prior opinions teaches us that under that standard, a district court may set aside a plea if the defendant establishes that the plea was obviously unfair or shocking to the conscience. Three factors may guide the court's analysis: "(1) whether the defendant was represented by competent counsel, (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) whether the plea was fairly and understandingly made." *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 506 (2010).

6

This is not an exclusive list. We recognize that circumstances can vary. Those three factors are benchmarks for district courts to rely on, but when presented with other factors that might exist in a particular case, district courts should not ignore such relevant factors. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

*The district court looked at all three factors before denying the motion.*

The district court made findings based on the testimony presented at the evidentiary hearing. For the first factor, the district court found:

> "I think that Mr. Herbster was competent. He's got extensive experience. He's knowledgeable of the law and this case. And that he was competent as well as to the defendant's capacity at the time, and the extent of his injuries, to the point that—at least as well as he was informed."

For the second factor, the district court found that Lunsford was not misled or coerced, nor was Lunsford unfairly treated or taken advantage of.

And for the third factor, the district court found that Lunsford's plea was "knowingly and voluntarily made at the time it was entered." Then the district court made the following findings of fact:

> "Whether he has recollection of the plea, I can't say. I don't know, but the weight of the evidence cuts against manifest injustice in this case.

> "Ms. Cash was present when he talked with his attorney. He is not saying he didn't commit the crime. He's not saying the plea was not knowingly and voluntarily made or that he didn't understand the plea, the case, or the charges.

> "He did not mention any problems with his attorney or any problems to his attorney. He did not mention any problems to this Court when asked. So I don't think this

7

> Court has any other relief it can grant Mr. Lunsford at this time, and his motion would be denied."

The district court heard evidence and testimony from Lunsford and the State and concluded that Lunsford did not meet the manifest injustice burden to allow his plea to be withdrawn.

*Lunsford has not shown us enough to reverse the district court.*

We look beyond the circumstances of the plea hearing when we consider if there is manifest injustice here. We look to the entire prosecution. Prior law guides us. When a court considers a motion to withdraw a plea, the court "should look at the entire plea process—the written plea agreement, if any, counsel's advice, and the plea colloquy—to see whether, when all aspects are considered, the defendant understands the nature and consequences of a plea." *State v. Reu-El*, 306 Kan. 460, 473, 394 P.3d 884 (2017).

Frankly, Lunsford has shown us very little. Lunsford claims that his guilty plea was not fairly or understandingly made because he lacked capacity, but his definition of capacity swallows the legal requisite whole.

A defendant need only have "'sufficient' awareness of a plea's likely consequences," it does not require "that a defendant understand all extenuating consequences and possible legal arguments." *Reu-El*, 306 Kan. at 480. Thus, when the evidence is read together, Lunsford's plea was fairly and understandingly made in context. The district court was unaware of his medications or extent of Lunsford's injuries because, when asked, Lunsford denied any medications or injuries requiring a doctor's care that caused him to have difficulty understanding the proceedings of his plea hearing. Further, he argued for a departure at sentencing, which revealed that Lunsford appreciated the consequences of his guilty plea.

8

In our view, the district court did good work here, not only at the hearing to withdraw the plea but also at the hearing to accept the plea. This record shows no manifest injustice.

The district court's findings were based on the testimony given at the evidentiary hearing in addition to transcripts from the plea and sentencing hearings, the zoom recording of the plea hearing, and the written plea agreement which Lunsford signed.

The same district court judge took Lunsford's plea, sentenced Lunsford, and heard Lunsford's motion to withdraw his plea. This judge looked Lunsford in the eye, heard his voice, and saw his demeanor. Thus, the district court was in the best position to assess credibility of witnesses, weigh evidence, and resolve any conflicting evidence. *State v. Vonachen*, 312 Kan. 451, 464, 476 P.3d 774 (2020). We hold that the district court did not abuse its discretion by denying Lunsford's motion to withdraw his plea.

Affirmed.